UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWIGHT ERIC PICKETT,

       Petitioner,

Case No. 1:10-CV-744

v.

HON. GORDON J. QUIST

CARL R. HOWES,

       Respondent.
                                     /

## OPINION AND ORDER

Petitioner, Dwight Eric Pickett, filed this habeas petition pursuant to 28 U.S.C. § 2254. Magistrate Judge Ellen S. Carmody has issued a Report and Recommendation, recommending that the petition be denied because it is barred by the one-year statute of limitations that applies to such petitions. 28 U.S.C. § 2244(d)(1). Having considered de novo the Report and Recommendation and Petitioner's timely objections thereto, the Court will adopt the Report and Recommendation in full.

With his objections, Petitioner does not take issue with the magistrate judge's calculation of the one-year period of limitation. Instead, Petitioner argues that he is entitled to equitable tolling. Petitioner bears the burden of establishing that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). To satisfy that burden, Petitioner must show " (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814 (2005)). The only "extraordinary circumstance" Petitioner maintains stood in his way is that he misunderstood the operative date from which the one-year limitations period began to run. He contends that he thought the clock began ticking on July 30, 2009, a date

mentioned in the Michigan Supreme Court Order denying leave to appeal. *People v. Pickett*, No. 139556 (Mich. Mar. 29, 2010) ("On order of the Court, the application for leave to appeal the July 30, 2009 order of the Court of Appeals is considered, and it is DENIED, because the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)."). Even assuming Petitioner was so mistaken, "ignorance of the law, even for an incarcerated *pro se* petitioner, is not sufficient to warrant equitable tolling." *Harvey v. Jones*, 179 F. App'x 294, 299 (6th Cir. 2006) (quotations omitted); *Allen*, 366 F.3d at 403. As such, Petitioner's argument that he was mistaken as to the start date of the limitations period is insufficient to warrant equitable tolling. The Court will, therefore, adopt the Report and Recommendation as the opinion of the Court.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate where, as here, the Court dismisses on procedural grounds without reaching the prisoner's underlying constitutional claim, the petitioner must demonstrate " that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." The

Court finds that reasonable jurists could not find debatable the Court's determination that Petitioner filed his habeas petition outside of the one-year limitations period. *Grayson v. Grayson*, 185 F.Supp.2d 747, 753 (E.D. Mich. 2002). Accordingly,

**IT IS HEREBY ORDERED** that the magistrate judge's Report and Recommendation, dated August 16, 2010 (docket no. 2) is **APPROVED AND ADOPTED** as the Opinion of the Court, and Petitioner's Objections (docket no. 3) are **OVERRULED**.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED**.

A separate judgment will enter.


Dated: December 21, 2010          /s/ Gordon J. Quist
                                  GORDON J. QUIST
                                  UNITED STATES DISTRICT JUDGE